```
           IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF KANSAS
```

**MICHAEL L. DAVID,**

                **Plaintiff,**

     v.                                            **CASE NO. 06-3252-SAC**

**CORRECT CARE SOLUTIONS,**

                **Defendant.**

### O R D E R

Before the court is a civil action filed under 42 U.S.C. § 1983 by an inmate incarcerated in El Dorado Correctional Facility in El Dorado, Kansas. Plaintiff seeks injunctive relief and damages on allegations of constitutional deprivation based on defendant's alleged failure to provide appropriate medical care for a painful and persistent rash. Plaintiff also seeks leave to proceed in forma pauperis under 28 U.S.C. § 1915.

The Prison Litigation Reform Act (PLRA), effective April 26, 1996, mandates that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). *See also*, Booth v. Churner, 531 U.S. 956 (2001)(§ 1997e(a), as amended by PLRA, requires prisoners to exhaust administrative remedies irrespective of the relief sought and offered through administrative channels).

The exhaustion required by § 1997e(a) is mandatory and not within the court's discretion, and is required for any suit filed by a prisoner to challenge prison conditions. Woodford v. Ngo, 126 S.Ct. 2378, 2382-83 (2006)(*citing* Booth and Porter v. Nussle, 534 U.S. 516 (2002)).  *See also* Steele v. Federal Bureau of Prisons, 355 F.3d 1204, 1210 (10th Cir. 2003)(pleading requirement imposed by § 1997e(a) requires a prisoner to attach a copy of applicable administrative dispositions to the complaint, or to "describe with specificity the administrative proceeding and its outcome"), *cert. denied* 543 U.S. 925 (2004).

In the present case, plaintiff acknowledges in his original pleading that he has not pursued administrative remedies for the alleged denial of medical treatment, and states he is unable and unwilling to wait for the exhaustion of remedies.  This is insufficient to avoid the exhaustion requirement imposed by § 1997e(a).  *See* Booth, 532 U.S. 741 n.6 ("we will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise").  Because plaintiff expressly states in a more detailed amended complaint that his administrative appeal to the Kansas Secretary of Corrections regarding the denial of medical attention is still pending, the court finds this action should be dismissed without prejudice.[1]   *See* Fitzgerald v. Corrections Corp. of America, 403 F.3d 1134, 1140-41 (10th Cir.

---

[1] Plaintiff's motion for leave to proceed in forma pauperis, motion for a temporary restraining order, and motion for appointment of counsel are thereby rendered moot.

2

2005)("§ 1997e(a) requires exhaustion of administrative remedies as a precondition to bringing litigation, and requires dismissal where a litigant has failed to complete such exhaustion).

IT IS THEREFORE ORDERED that the complaint as supplemented and amended is dismissed without prejudice, pursuant to 42 U.S.C. § 1997e(a).

IT IS FURTHER ORDERED that plaintiff's pending motions (Docs. 2, 3, and 6) are denied as moot.

**IT IS SO ORDERED.**

DATED:  This 22nd day of September 2006 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge